[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 9158 de DEFENDANT'S MOTION TO MODIFY AND/OR TERMINATE ALIMONY (#117)
The parties' marriage was dissolved on June 26, 1986 at which time their written agreement was found to be fair and equitable and it was incorporated in full by reference as part of the judgment. Periodic alimony was provided not subject to modification as to amount or duration except as in Paragraph 1(b) which reads as follows:
 "The Defendant's obligation to pay alimony shall be modifiable upon the Superior Court's finding of the plaintiff living with an unrelated male in accordance with CGS § 46b-86(b) and the amount of alimony shall be reduced upon such finding by $520.00 per month for the time period of living together."
After the sale of the marital home, the plaintiff announced her engagement to a Mr. Yellin and moved to his apartment where she remained for five months. Mr. Yellin and she divided expenses equally except for rent. The plaintiff paid $1,000 monthly with Mr. Yellin paying $1,700.
 The difficulty of applying paragraph 1(b) to these facts arises from the phrase ". . . living with an unrelated male in accordance with C.G.S. § 46b-86 (b). . ."
Using "in accordance with" and then referencing the statute is interpreted by the court to mean in conformity or in harmony with its terms (Black's Law Dictionary, Fifth Ed. 1979) The court concludes that the agreement intended to include platonic as well as cohabiting arrangements, provided it was with an unrelated male and the other statutory provision
 ". . . the living arrangements cause such a change of circumstances as to alter the financial needs of that party."
The plaintiff's circumstances were substantially changed by the sale of the home. The court finds insufficient evidence to conclude that there was any further change caused by the plaintiff living in Mr. Yellin's apartment.
The defendant's motion is denied CT Page 9159
HARRIGAN, J.